```
               UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                      DURHAM DIVISION

IN RE:                          )
                                )
VALINDA DOUGLAS HUGHES,         )   CASE NO. 04-83682
                                )
     Debtor.                    )
```

MEMORANDUM OPINION

GMAC Mortgage Corp. ("GMAC") objects to confirmation of the Chapter 13 plan proposed by Valinda Douglas Hughes (the "Debtor") on the basis that the Debtor is attempting to modify its secured claim in contravention of the anti-modification provision of 11 U.S.C. § 1322(b)(2). The Debtor asserts that she is entitled to modify the rights of GMAC because the claim of GMAC is not secured solely by a security interest in Debtor's residence.

GMAC's objection to confirmation of the Debtor's plan came before the Court for hearing on September 7, 2005, at which time the Court took the matter under advisement. For the reasons stated herein, the Court will overrule the objection of GMAC and order the completion of the confirmation hearing.

FACTS

The Debtor's only residence is in Durham, North Carolina. The residence is subject to a deed of trust held by GMAC. The deed of trust is dated March 30, 2001, and secures a debt of $84,956.28. Under the terms of the deed of trust, the Debtor was to include in her monthly payment principal and interest plus an additional sum to cover the payment of "Escrow Items" consisting of taxes and

special assessments, leasehold payments or ground rents, and insurance premiums. Following the execution of the deed of trust, the Debtor made periodic payments of principal, interest, and escrow amounts. As a result of such payments, the portion of the funds that was included for taxes, insurance premiums, etc., were held in escrow by GMAC until needed by GMAC to pay the taxes, insurance and other items as they came due. However, at the time the Debtor filed her Chapter 13 bankruptcy petition on December 10, 2004, the Debtor had not paid GMAC anything since August of that year. Consequently, when this case was filed no funds were being held in the escrow by GMAC and, in fact, the Debtor had a negative escrow balance with GMAC.

In her proposed plan, the Debtor valued her residence at $35,168.00 and proposed to modify GMAC's secured claim by bifurcating the claim into a secured claim of $35,168.00 and an unsecured claim of $49,788.28. Under the plan, the secured claim would be paid in full, with interest, while GMAC would receive 25% of its unsecured claim over the life of the plan and be required to cancel its deed of trust upon completion of the plan.

## ANALYSIS

The issue presented in this case is whether the anti-modification provision in section 1322(b)(2) protects GMAC's secured claim from modification. For the reasons that follow, the court has concluded that this issue should be answered in the

negative.

In combination, sections 506(a) and 1322(b)(2) of the Bankruptcy Code provide a mechanism for modifying the rights of a holder of a secured claim by bifurcating the secured creditor's claim into secured and unsecured portions if the amount of the claim exceeds the value of the collateral securing the claim. However, under section 1322(b)(2), some secured claims are protected against modification. Specifically, section 1322(b)(2) excludes from modification "a claim secured only by a security interest in real property that is the debtor's principal residence."

The determination of whether GMAC's claim is secured solely by the security interest in the Debtor's residence within the meaning of section 1322(b)(2) is a determination which should be made by examining the GMAC loan documents. E.g. In re Bosch, 287 B.R. 222, 227 (Bankr. E.D. Mo. 2002); In re Larios, 259 B.R. 675, 678 (Bankr. N.D. Ill. 2001)("The determinative factor is the language used in the underlying loan documents."); In re Howard, 220 B.R. 716, 718 (Bankr. S.D. Ga. 1998)("[I]n deciding whether the protection of 1322(b)(2) applies, there is no need to look beyond the language of the agreement. . . .").

If the examination of the loan documents reveals that such documents do provide for a security interest in addition to the security interest in the residence, then the claim is not secured

solely by the debtor's residence and can be modified. The conclusion that a security interest can be modified under such circumstances does not depend upon the enforceability of the additional security interest or the availability or value of the additional collateral when the Chapter 13 case is filed. See Larios, 259 B.R. at 678 (permitting modification even though the additional collateral apparently had been liquidated prior to the bankruptcy filing); Howard, 220 B.R. at 718 (permitting modification when the secured creditor was originally secured by two tracts of land but only the principal residence remained as of the petition date because "there is no need to look beyond the language of the agreement as it existed between Creditor and Debtor at the time of the filing of the petition."); Stewart v. U.S. Bank (In re Stewart), 263 B.R. 728 (Bankr. W.D. Pa. 2001)(permitting modification where deed of trust granted a security interest in an escrow account that had not been funded when the case was filed); Reed v. Norwest Mortg., Inc. (In re Reed), 247 B.R. 618, 620-24 (Bankr. E.D. Pa. 2000)(same); In re Libby, 200 B.R. 562 (Bankr. D.N.J. 1996)(finding that a provision in the residential mortgage providing that bank's security interest also extended to all money, securities, and other personal property on deposit with bank was sufficient to allow modification of secured claim even though bank never actually took possession of any of the additional collateral); Larios, 259 B.R. at 678 ("For purposes of applying

§ 1322(b)(2), it matters not whether the security interest has attached, nor whether it is perfected, only whether it is extant and not released, satisfied or otherwise terminated.").

The present case is one in which the loan documents purport to provide additional security for the indebtedness secured by the deed of trust on the Debtor's residence.  The GMAC loan documents do not simply provide for escrow payments for taxes and insurance and the establishment of an escrow account for such payments.  Instead, the loan documents in the present case require the borrower to pledge the escrow funds as "additional security" for the principal and interest due under the promissory note and deed of trust.  The cases are split regarding the effect of such a provision upon the anti-modification provision of section 1322(b)(2).[1]

A number of courts have concluded that a claim secured by the debtor's principal residence may not be modified notwithstanding a provision in the loan documents providing for a security interest in an escrow account.  Some of these courts have concluded that a creditor requiring such a provision nonetheless is secured solely by the debtor's residence unless escrow payments are made and an

---

[1] The cases also are split as to whether the loan documents should be examined as of the date they were executed or as they existed on the petition date.  See Larios, 259 B.R. at 677-78.  This issue does not arise in the present case and, therefore, will not be addressed since the loan documents in this case were the same on both dates.

escrow deposit account, in fact, is established by the creditor. These cases rely upon whether a security interest has been perfected in the escrow account. E.g. Brown v. Master Financial, Inc. (In re Brown), 311 B.R. 282, 287 (Bankr. M.D. Fla. 2004). This court respectfully disagrees with these decisions. As previously discussed, the decisive factor in applying § 1322(b)(2) is whether the loan documents purport to take a security interest in additional collateral without regard to whether the additional security interest is perfected or whether the additional collateral is available on the petition date. Section 1322(b)(2) "does not require the interest to be perfected. It merely requires the Bank to have an interest secured by something other than real property. . . . This the Bank acquired when it demanded the pledge in its form mortgage and Debtors conveyed the pledge by signing the document." Stewart, 263 B.R. at 731.

There also is authority holding that security interests in escrow accounts are indistinguishable from the real property and that escrow accounts therefore do not constitute additional security. E.g. Rodriguez v. Mellon Bank (In re Rodriguez), 218 B.R. 764, 777 (Bankr. E.D. Pa. 1998)(concluding that "as a matter of federal bankruptcy law . . . [escrow funds] are not separate from the real estate"). It is difficult to see how an escrow account or escrow funds could be regarded as a part of the bundle of rights inherent in real property. The sounder view, this court

believes, is that escrow funds or an escrow account are entirely separate from the debtor's real property and that a security interest in escrow funds or an escrow account is a separate and additional security interest.  E.g. Donadio v. Countrywide Home Loans, Inc. (In re Donadio), 269 B.R. 336 (Bankr. M.D. Pa. 2001); Stewart v. U.S. Bank (In re Stewart), 263 B.R. 728 (Bankr. M.D. Pa. 2001); Reed v. Norwest Mortgage, Inc. (In re Reed), 247 B.R. 618 (Bankr. E.D. Pa. 2000);  In re Pinto, 191 B.R. 610 (Bankr. D.N.J. 1996); Dent v. Associates Equity Services Co., Inc. (In re Dent), 130 B.R. 623 (Bankr. S.D. Ga. 1991).

The court concludes, therefore, that a creditor whose loan documents provide for a security interest in an escrow account is not secured solely by the security interest in the debtor's residence within the meaning of section 1322(b)(2) and hence is not entitled to invoke the anti-modification provision of section 1322(b)(2).  As the court observed in Hammond v. Commonwealth Mortgage Corp. (In re Hammond), 27 F.3d 52, 57 (3d Cir. 1994), "creditors who demand additional security in personalty or escrow accounts and the like pay a price.  Their claims become subject to modification.  Their recourse, if they wish to avoid modification, is to forego the additional security."

## CONCLUSION

Based upon the foregoing, the court concludes that GMAC's objection should be overruled to the extent that it is based upon

the anti-modification clause contained in section 1322(b)(2). Although the parties did not brief or otherwise address the other objections raised by GMAC in its written objection, the court has nonetheless considered the other objections and concluded that such objections should also be overruled.  However, because there was insufficient evidence at the hearing to support Debtor's valuation of her residence or to establish feasibility, the court concludes that an additional hearing should be held to afford the parties an opportunity to present additional evidence regarding these issues. At the conclusion of the additional hearing, the court will make a final ruling on whether the Debtor's plan can be confirmed.

    A separate order consistent herewith is being entered pursuant to Fed. R. Bankr. P. 9021.

A copy of the foregoing was served
electronically or conventionally to:

Richard M. Hutson, II

John T. Orcutt
6616-203 Six Forks Rd.
Raleigh, NC 27615

Matthew T. McKee
Suite 300
2701 Coltsgate Rd.
Charlotte, NC 28211