UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                              )
                                    )
VALINDA DOUGLAS HUGHES,              )   CASE NO. 04-83682
                                    )
    Debtor.                         )

MEMORANDUM OPINION

This case came before the court on June 8, 2006, for a hearing regarding confirmation of Debtor's current plan of reorganization and for consideration of the objection to confirmation filed on behalf of GMAC Mortgage Corp. ("GMAC"). The proposed plan now before the court was filed on May 2, 2006, following the entry of an order on March 20, 2006, denying confirmation of an earlier plan that was filed by the Debtor. Edward C. Boltz appeared on behalf of the Debtor, Matthew T. McKee appeared on behalf of GMAC and Richard M. Hutson, II appeared as the Chapter 13 Standing Trustee.

FACTS

The Debtor's residence is located in Durham, North Carolina, and is subject to a deed of trust that secures an indebtedness of $84,956.28 owed to GMAC. In the proposed plan now before the court, the Debtor values her residence at $58,000.00 and proposes to modify GMAC's secured claim by bifurcating the claim into a secured claim of $58,000.00 and an unsecured claim of $26,956.28. Under the plan, the secured claim would be paid in full, with interest at 7% per annum, while GMAC would receive 25% of its unsecured claim over the life of the plan and be required to cancel

its deed of trust upon completion of the plan. GMAC objects to the current plan on the basis that the Debtor is attempting to modify its secured claim in contravention of the anti-modification provision of section 1322(b)(2) of the Bankruptcy Code. Alternatively, GMAC objects to confirmation of the proposed plan on the grounds that (1) the plan does not comply with section 1325(a)(5)(B)(ii) in that the value, as of the effective date of the plan, of the payments to GMAC under the plan are less than the allowed amount of the claim

## ANALYSIS

1. Objection pursuant to section 1322(b)(2).

GMAC made this same objection to Debtor's previous proposed plan and the objection was overruled pursuant to a memorandum opinion that was entered in this case on October 28, 2005. Based upon the same findings of fact and conclusions of law contained in the October 28, 2005 memorandum opinion which are incorporated herein, GMAC's objection to the Debtor's current plan pursuant to section 1322(b)(2) is overruled.

2. Objection pursuant to section 1325(a)(5).

Section 1325(a)(5) sets forth the criteria for the treatment of secured claims under a Chapter 13 plan and provides three alternative methods of providing for the holder of a secured claim. The method of treatment relied upon by the Debtor is contained in section 1325(a)(5)(B). Under the version of section 1325(a)(5)(B)

that is applicable in this case[1], a plan provides satisfactory treatment for a secured claim if:

> (i) the plan provides that the holder of such claim retain the lien securing such claim ; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

Two aspects of section 1325(a)(5)(B) are in dispute.  First, there is a dispute as to "the allowed amount" of GMAC's claim.  The parties agree that the claim should be allowed as secured to the extent of the value of Debtor's residence, but disagree as to the value of the residence.  Each of the parties has submitted an appraisal of the property.  After having reviewed and weighed the two appraisals, the court finds that the value of Debtor's residence is $59,000.00 and that, pursuant to section 506(a), GMAC's claim should be allowed as a secured claim to the extent of $59,000.00.[2]

The second dispute under section 1325(a)(5)(B) involves the

---

[1] Pursuant to section 1501(a) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("Act"), the Act and the amendments made by the Act became effective on October 17, 2005.  Section 1501(b)(1) provides that "[e]xcept as otherwise provided in this Act and paragraph (2), the amendments made by this Act shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act.  This case was commenced prior to October 17, 2005, and the Act does not make the amendments to section 1325(a)(5) applicable with respect to cases that were commenced prior to October 17, 2005.

[2] There was no evidence or contention that there was any difference between the value of the residence on the petition date and its value as of the date of the hearing.

present value determination that must be made under section 1325(a)(5)(B) when, as in the present case, the property to be distributed to the secured creditor consists of deferred payments. Section 1325(a)(5) requires that the payments to be paid under the plan have a value "as of the effective date of the plan" that is not less than the allowed amount of the secured claim. This requirement means that the present value of the deferred payments must be equal to the allowed amount of the claim. "The simplest method of equating the present value of deferred future payments with the amount of the allowed secured claim is to propose interest payments over and above the face amount of the allowed secured claim at whatever interest rate is equivalent to the discount rate selected by the court or agreed upon by the parties." 8 COLLIER ON BANKRUPTCY ¶ 1325.06[3][b], p. 1325-41 (15th ed. rev. 2006). The proper method for determining the appropriate discount rate is the formula approach described in Till v. SCS Credit Corp., 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). The parties agree that the Till rate was 7% on the petition date and 9.5% on the date of the confirmation hearing, but disagree as to which rate is required under section 1325(a)(5)(B). Since section 1325(a)(5)(B)(ii) requires that the present value of the deferred payments "as of the effective date" be equal to the allowed amount of the claim, the court concludes that the appropriate date for determining the discount rate under section 1325(a)(5)(B)(ii) is

the date of the confirmation hearing.  See 8 COLLIER ON BANKRUPTCY ¶ 1325.06[3][b][i] (15th ed. rev. 2006)(effective date is date that confirmation order becomes final, but courts normally determine present value as of the date of confirmation hearing because, as a practical matter, confirmation order is entered at or shortly after confirmation hearing).  The appropriate interest rate in the present case, therefore, is 9.5%, the Till rate as of the date of the confirmation hearing.

## CONCLUSION

At the conclusion of the hearing on June 8, 2006, the court understood that the Debtor intended to modify her current plan to incorporate the valuation and interest rate determined by the court to be appropriate in this case.  Assuming that such modifications are made by the Debtor, the parties are directed to submit an order confirming the Debtor's modified plan.  If the Debtor is not willing to so modify the plan now before the court, an order denying confirmation of such plan should be submitted.

This 16th day of June, 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Edward C. Boltz, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Matthew T. McKee, Esq.
2701 Coltsgate Road
Charlotte, NC 28211

Richard M. Hutson, Trustee